## Richard BREWER

v.

## K.W. THOMPSON TOOL CO., INC., d/b/a Thompson Center Arms.

### Civ. No. 86–315–D.

United States District Court, D. New Hampshire.

Nov. 21, 1986.

Shaines & McEachern, P.A., by Gregory D. Robbins, Portsmouth, N.H., for plaintiff.

Shaheen, Cappiello, Stein & Gordon by Steven M. Gordon, Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this action plaintiff Richard Brewer, a citizen of Maine, brings suit against his former employer, defendant K.W. Thompson Tool Co., Inc., d/b/a Thompson Center Arms ("KWT"), a corporation with its principal place of business in Rochester, New Hampshire, seeking damages for wrongful discharge (Count I), wrongful failure to

cooperate in plaintiff's medical treatment (Count II), and intentional infliction of emotional distress (Count III). Jurisdiction is founded upon 28 U.S.C. § 1332, the parties being diverse and the amount in controversy exceeding $10,000 exclusive of interest and costs. The matter is presently before the Court on defendant's motion to dismiss all three counts for failure to state claims upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P., and plaintiff's objection thereto.

In considering a motion to dismiss, the Court follows the established requirement in ruling on such motion that "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village Dist. of Eastman*, 572 F.Supp. 578, 579 (D.N.H. 1983) (citations omitted) *aff'd without opinion*, 745 F.2d 43 (1st Cir.1984). In reviewing motions to dismiss, the Court's focus is limited to the allegations contained in the complaint itself. *Litton Industries v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). The standard for granting a motion to dismiss is not the likelihood of success on the merits, but is whether plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The relevant facts as alleged by plaintiff in his amended complaint are as follows.

Plaintiff was hired by KWT in July 1982 as an engineering technician. In or about July 1984, while at work, plaintiff developed a skin condition known as contact dermatitis as a result of being exposed to or coming in contact with some substance at work. The condition was apparently severe enough to prevent plaintiff from working. In early August 1984, on the advice of his treating physician, plaintiff asked KWT to supply him with samples of chemical substances that had been in use in the plant in late July so his doctor could test them in an attempt to discover the cause of plaintiff's contact dermatitis. Despite repeated requests by plaintiff, defendant never supplied him with these samples. Plaintiff alleges that defendant's deliberate failure to provide him with these chemical samples exacerbated his contact dermatitis and further resulted in a serious and permanent loss of his senses of taste and smell.

Since plaintiff's doctor could not determine the cause of his condition, he refused to give plaintiff a medical release to return to work, and defendant in turn refused to allow plaintiff to return to work without a medical release. Plaintiff stayed out of work from August 1, 1984, through December 6, 1984, at which time defendant terminated plaintiff's employment. Plaintiff was unable to procure other suitable employment until December 1985.

*Count I*

Defendant seeks to dismiss Count I on two grounds: (1) plaintiff has not stated a cognizable cause of action for wrongful termination under New Hampshire law; and (2) the claim is barred by the exclusivity provision of the workers' compensation statute, RSA 281:12 I.

■ Defendant's first argument is meritless as plaintiff in his amended complaint[1] has adequately pleaded a claim for wrongful discharge. There are two elements to the cause of action for wrongful discharge as it has evolved in New Hampshire. *Cloutier v. A & P Tea Co., Inc.*, 121 N.H. 915 (1981). "First, the plaintiff must show that the defendant was motivated by bad faith, malice, or retaliation in terminating the plaintiff's employment." *Id.* at 921 (citing *Monge v. Beebe Rubber Co.*, 114

---

1. In its memorandum in support of its motion to dismiss, KWT states that plaintiff has "moved" to amend his complaint in order to conform his pleadings to the New Hampshire standard for wrongful termination, which "makes manifest the inadequacy of his original complaint." Defendant is mistaken. Plaintiff made no motion to amend his complaint, but simply filed a "Notice of Amended Complaint", exercising his right to amend his complaint once, as a matter of course, prior to defendant's filing of its answer. *See* Rule 15(a), Fed.R. Civ.P. Accordingly, the adequacy of plaintiff's original complaint is irrelevant.

N.H. 130 (1974)). "Second, the plaintiff must demonstrate that he was discharged because he performed an act that public policy would encourage, or refused to do something that public policy would condemn." *Cloutier, supra,* 121 N.H. at 922 (citing *Howard v. Dorr Woolen Co.,* 120 N.H. 295 (1980)). Plaintiff has alleged both of these. Paragraphs 12 and 12(a) of his amended complaint read as follows:

12. The defendant's discharge of the plaintiff under these circumstances was also wrongful, in that the plaintiff was discharged for pursuing a course of conduct that public policy strongly encourages, that is, of safety in the work place.
12a. The defendant, in discharging the plaintiff, was acting in a retaliatory fashion, and in bad faith.

The Court finds that these allegations are sufficient to survive a motion to dismiss. The New Hampshire Supreme Court has recently reaffirmed its holding in wrongful discharge cases that "[t]he existence of a 'public policy' ... calls for the type of multifaceted balancing process that is properly left to the jury in most instances." *Cilley v. New Hampshire Ball Bearings, Inc.,* 514 A.2d 818, 821 (N.H.1986) (quoting *Cloutier, supra,* 121 N.H. at 924). The Court cannot say as a matter of law that plaintiff can under no circumstances convince a jury that he was terminated by defendant in bad-faith retaliation for plaintiff's attempts to secure a safe workplace.

Defendant's second argument in support of its motion to dismiss Count I is equally unpersuasive. RSA 281:12 (Supp. 1985) provides in pertinent part:

An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and on behalf of himself, or his personal or legal representatives, to have waived all rights of action whether at common law or by statute or otherwise:
I. Against the employer or the employer's insurance carrier.

The Court agrees with defendant that this "exclusivity" provision "clearly prohibits an employee from maintaining a common-law action against his employer for personal injuries arising out of the employment relationship." *O'Keefe v. Associated Grocers of New England, Inc.,* 120 N.H. 834, 835–36 (1980). However, in his wrongful discharge claim, plaintiff is not attempting to recover for injuries received in the course of his employment. Rather, plaintiff seeks damages for lost wages and other employment benefits allegedly suffered as a result of defendant's termination of his employment. These are not damages for which he has already been compensated or for which he could be compensated under RSA 281. To find that the Workers' Compensation Law bars a terminated employee from bringing suit for wrongful discharge would be a novel interpretation of the exclusivity concept which the Court finds to be supported by neither case law nor common sense. Accordingly, the Court denies defendant's motion to dismiss Count I.

*Count II*

While the parties are somewhat at odds in their interpretation as to what Count II alleges, the Court summarizes it as follows. Plaintiff claims that after defendant was initially notified that plaintiff had contracted a skin condition as a result of exposure to some substance in the workplace, defendant breached its duty to maintain a safe and healthy workplace by (1) intentionally and deliberately failing to investigate the incident within a reasonable time; and (2) deliberately failing to render reasonably necessary medical care and assistance to plaintiff by refusing to provide the requested chemical samples. Plaintiff alleges that as a result of defendant's actions as just described, his medical treatment was hindered, which caused an exacerbation of his contact dermatitis and a severe diminution of his senses of taste and smell. Thus, in Count II, plaintiff does not seek to recover for his initial injury allegedly caused by some substance in his work environment; rather, he seeks to recover for his additional injuries caused by defendant's failure to reasonably investigate and cooperate in his medical treatment. Defendant seeks to

dismiss Count II on the basis that it is barred by the exclusivity provision of the Workers' Compensation Law, RSA 281:12 I. For the following reasons, the Court agrees.

■ Injuries which are compensable under RSA 281, and thus for which there can be no private right of action as detailed in RSA 281:12, are defined in relevant part as follows:

> Personal injury, or injury as used in and covered by this chapter means accidental injury or death arising out of and in the course of employment and all occupational diseases arising out of and in the course of employment, or death resulting therefrom....

RSA 281:2 V (Supp.1985). Plaintiff argues that the injuries for which he seeks recovery in Count II do not come within this definition, and thus the claim is not barred by RSA 281:12 I, because defendant's actions were intentional. Plaintiff misses the distinction between actions intentionally taken and injury intentionally caused which is crucial to this analysis. As Professor Larson says in his scholarly and oft-cited treatise:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.

2A Larson, *The Law of Workmen's Compensation* § 68.13 (1983) (footnotes omitted). Plaintiff does not allege that defendant's actions were undertaken with the intent to cause plaintiff injury; rather, plaintiff simply alleges that defendant intentionally failed to timely investigate and provide him with chemical samples. This is a crucial distinction, for under the "almost unanimous" rule,[2] plaintiff has alleged an "accidental injury" such that RSA 281:12 I bars this action to recover for same.

■ Plaintiff makes the further attempt to avoid the exclusivity bar by arguing that his claim comes within the "dual injury" exception. Plaintiff describes this as a theory which a number of jurisdictions have recognized wherein "deliberate misconduct of an employer which leads to the exacerbation of a work-related condition does give rise to a separate cause of action, despite the bars contained in workers' compensation statutes." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at 3-4. For this proposition, plaintiff cites *Teklinsky v. Ottawa Silica Corp.*, 583 F.Supp. 31 (E.D.Mich.1983); *Johns-Manville v. Contra Costa Superior Court*, 27 Cal.3d 465, 165 Cal.Rptr. 858, 612 P.2d 948 (Cal.1980); and *Blankenship v. Cincinnati Milacron Chemicals*, 69 Ohio St.2d 608, 433 N.E.2d 572 (Ohio 1982). However, plaintiff omits what is in fact the essential nature of these allowable "dual injury" claims; that is, that it is the employer's fraudulent deceiving of the employee as to the existence of his work-related injury and the further harm that will be caused by remaining in the workplace that is actionable. *Larson, supra,* § 68.32(c). What is permitted is a separate action for the employer's *deceit* in concealing the injurious condition, thus exacerbating the injury. *Id.* Plaintiff alleges no such fraudulent deceit on defendant's part, and without such a claim he cannot come within the narrow dual injury exception to the exclusivity bar.

The Court finds that in Count II plaintiff seeks to recover for accidental injuries, and such recovery is barred by RSA 281:12 I. Accordingly, defendant's motion to dismiss Count II is granted.

*Count III*

In this count, plaintiff alleges that defendant's actions, as previously detailed, constitute the tort of intentional infliction

---

**2.** Counsel have not provided, and the Court is unable to discover, any indication that New Hampshire does not or would not follow this majority rule.

of emotional distress. The Court agrees with defendant that plaintiff has failed as a matter of law to allege conduct on defendant's part which, if proven, would support recovery on this claim. This Court has recently determined that New Hampshire does recognize the tort of intentional infliction of emotional distress and that the elements of the cause of action are as outlined in the Restatement (Second) of Torts § 46. *Chamberlin v. 101 Realty, Inc.,* 626 F.Supp. 865, 868–69 (D.N.H.1985). These elements are as follows: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Restatement (Second) of Torts § 46(1) (1965). The comments to this section make it clear that liability can only be found where the defendant's conduct has been truly extreme and outrageous. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.,* comment d at 72–73. Furthermore, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." *Id.,* comment h at 77.

The Court does not believe that plaintiff's allegations in this case regarding defendant's actions describe conduct that is so outrageous, atrocious, and utterly intolerable that no reasonable person could be expected to endure it. If the allegations are true, the Court certainly does not condone defendant's behavior; yet, neither can it be said that defendant's actions rise to the level of outrageousness and severity necessary to state a cause of action for intentional infliction of emotional distress. *See Jarvis v. Prudential Ins. Co.,* 122 N.H. 648, 652 (1982) (allegation that insurance company initially indicated it would pay for nursing care for seriously ill patient and

then in bad faith denied same insurance benefits fails as a matter of law to meet definition of outrageous conduct set forth in § 46). Accordingly, the Court must grant defendant's motion to dismiss Count III.

In summary, defendant's motion to dismiss is denied as to Count I and granted as to Counts II and III. Defendant shall file its answer to Count I within ten days after receipt of this Order. *See* Rule 12(a)(1), Fed.R.Civ.P.

SO ORDERED.