**W. Izal SADDLER, Plaintiff,**

v.

**Philip P. D'AMBROSIO, Defendant.**

**W. Izal SADDLER, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. Nos. 88–3188, 88–2699.

United States District Court,
District of Columbia.

June 28, 1990.

W. Izal Saddler, Washington, D.C., pro se.

John Cleary, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

This case arises from the arrest of the plaintiff, W. Izal Saddler in Washington, D.C. on September 23, 1985 by a United States Capitol Police Officer, Philip P. D'Ambrosio. Defendants are: the United States; the United States Capitol Police Board; the United States Capitol Police; the Sergeant-at-Arms of the United States House of Representatives, Mr. Jack Russ; the Sergeant-at-Arms of the United States Senate, Mr. Henry Giugni; the Architect of the Capitol, Mr. George White; Frank Kerrigan, Chief of Police, United States Capitol Police; and Capitol Police Officer, Philip P. D'Ambrosio.

Presently before the Court is defendants' motion to dismiss or, in the alternative, for summary judgment.[1] The defendants' mo-

---

1. A motion to dismiss Civil Action No. 88–3188 was filed on February 8, 1989, and a motion to dismiss, or in the alternative for summary judgment in Civil Action No. 88–2699 was fled on February 9, 1989. The Court has ordered these cases consolidated for all purposes, pursuant to F.R.Civ.P. 42(a).

tion to dismiss argues that: this Court lacks subject matter jurisdiction over the FTCA claims against the United States and all common law tort claims against individual defendants; sovereign immunity bars all claims against the United States Capitol Police, the United States Capitol Police Board and all non-FTCA claims against the United States; and ten counts in plaintiff's complaint are time-barred. The defendants have also moved to dismiss Mr. Saddler's constitutional tort claims for failure to state a claim on which relief can be granted.

Mr. Saddler's opposition to the motions to dismiss makes moot most of the claims pending in both Civil Actions 88–3188 and 88–2699.[2] Mr. Saddler states that he "agrees with the Defendants that the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"), Pub.L. No. 100–694, compels dismissal of nearly all of this case," although he states the dismissal should be without prejudice. Plaintiff's Opposition at 1. Mr. Saddler also states that "[p]laintiff's additional claims, other than tort claims should be litigated on the merits. The parties, except officer Philip P. D'Ambrosio, should be released." Plaintiff's Opposition at 2. Thus, the only remaining claims for the Court to consider in this pending motion are Mr. Saddler's common law claims against Officer D'Ambrosio, his Fourth Amendment and 42 U.S.C. § 1983 claims.

In consideration of the issues raised in the motions, the opposition and reply filed thereto, and for the reasons stated below, the Court shall deny in part defendants' motion to dismiss, or in the alternative, for summary judgment as to plaintiff's Fourth Amendment claims, and shall grant in part

defendants' motion, as to plaintiff's 42 U.S.C. § 1983 and common law claims.

## I. FACTUAL BACKGROUND

For purposes of the motion to dismiss, the Court must take Mr. Saddler's version of the facts as true. The plaintiff, W. Izal Saddler, alleges that the following events took place on September 23, 1985.[3] Mr. Saddler was standing outside of his automobile removing a glass panel from the T-top section of the roof of his automobile, when he entered into a verbal disagreement with a person standing in the window of a nearby apartment building. As Mr. Saddler was returning to his automobile, he saw the defendant, Capitol Police Officer, Philip D'Ambrosio, running across the street toward Mr. Saddler's vehicle. Mr. Saddler sat in his vehicle, closed the door and waited for the officer. Officer D'Ambrosio approached the driver's side of the vehicle and stated "What the (expletive) do you think you are doing?" Before Mr. Saddler answered, Officer D'Ambrosio swung a nightstick through the opening in the roof and struck the glass roof panel in the rear seat. Officer D'Ambrosio then struck Mr. Saddler behind his neck at the base of his skull. Mr. Saddler, in an attempt to prevent further assault by D'Ambrosio, shifted the transmission into drive and left the curb. Mr. Saddler, having recognized the uniform of Officer D'Ambrosio as that of a member of the United States Capitol Police force, decided to drive to the Capitol Police station located on First Street near D Street, N.E. Mr. Saddler drove to the intersection of First and D Streets, N.E., pulled to the curb and stepped out of his automobile. When Offi-

---

**2.** Since defendants filed their motions, Mr. Saddler has conceded several of the issues raised by the defendants, thus making them moot for the purposes of this opinion. Mr. Saddler filed an opposition to defendants' motion to dismiss in which he stipulated to the following: plaintiff's FTCA claims against the United States must be dismissed for lack of subject matter jurisdiction; all claims against the United States Capitol Police Board, and all non-FTCA claims against the United States, are barred by sovereign immunity; all common law tort claims against individual defendants must be dismissed for lack of

subject matter jurisdiction; and since defendants Russ, Giugni, White and Kerrigan have qualified immunity, Mr. Saddler has no claim against these individual defendants. Plaintiff's Memorandum in Support of his Opposition to Defendant's Motion for Summary Judgment at 17–18.

**3.** The Court notes that the defendants vehemently deny the plaintiff's version of the facts and have presented a markedly different scenario than that of the plaintiff's.

cer D'Ambrosio arrived at the intersection, Mr. Saddler placed his hands in the air stating "I am not doing anything." Mr. Saddler alleges that Officer D'Ambrosio assaulted him and advised him that he was under arrest. Officer D'Ambrosio then allegedly pushed Mr. Saddler against his automobile, twisted Mr. Saddler's arms behind his back and tightened handcuffs around his wrist. Officer D'Ambrosio then lifted Mr. Saddler's arms as high as possible forcing him to bend over and forced Mr. Saddler to walk to the Capitol Police Station in this bent position. Here Officer D'Ambrosio confiscated Mr. Saddler's property and some articles of his clothing. Mr. Saddler alleges that as a result of the assault by Officer D'Ambrosio, he was in a semi-conscious state and thus he cannot clearly remember the events which occurred at the police station. However, Mr. Saddler does not believe he was given a reason for his arrest, read his *Miranda* rights, or allowed to make a phone call. Mr. Saddler was later transferred to the Metropolitan Police Department. Mr. Saddler alleges that he requested medical attention from the Capitol Police and from others during his imprisonment, but received no medical attention. Mr. Saddler was incarcerated for a period of seven days and was released on a surety posted by a bondsman.[4]

## II. ANALYSIS

### A. Fourth Amendment Claim

Mr. Saddler alleges that Officer D'Ambrosio violated the Fourth Amendment by unreasonably searching and seizing Mr. Saddler and by using excessive force in so doing. Defendants argue that summary judgment should be granted for the defendants on the Fourth Amendment claim against Officer D'Ambrosio. Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, Civil Action No. 88–2699, at 20. In support of their motion, defendants contend that Mr. Saddler was a violent, and highly dangerous suspect, and that he was arrested with only the requisite force required to subdue and handcuff him.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." The standard for summary judgment mirrors the standard for a directed verdict. A trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the evidence in the light most favorable to the non-moving party. *Id.*

Excessive force claims under the Fourth Amendment are to be judged by the standard of " 'objective reasonableness' under the circumstances." *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989). In resolving whether an officer's actions are "objectively reasonable," the Court inquires as to "whether

**4.** The defendants' version of events is markedly different than that put forth by Mr. Saddler. Defendants claim that a United States Capitol Police detective approached Officer D'Ambrosio and informed him that there was a person who had left his vehicle in the middle of the road, blocking traffic, and was yelling obscenities at a person standing in front of a third floor apartment window. As Officer D'Ambrosio approached the man, the officer heard him shout to the person in the apartment, "I ain't fucking with your ass no more. I got something in my bag that will take care of you." The man then removed a black leather bag from his vehicle and began reaching into it. At this time, D'Ambrosio ordered him to move away from the bag. The man did not do so, but shouted at D'Ambro-

sio "It'll take care of you too." D'Ambrosio, fearing for his safety and that of others, pushed Mr. Saddler away from the bag and ordered him to place his hands on the roof of his vehicle. Mr. Saddler responded by shoving D'Ambrosio and made several attempts to strike him. At this point, Officer D'Ambrosio advised Mr. Saddler that he was under arrest. The plaintiff was subsequently arrested for assault on a police officer, assault with a deadly weapon, carrying a deadly weapon and other offenses. The following evidence was removed from inside Saddler's vehicle: a black leather bag containing a cross-bow and arrows with steel tips, a black metal-studded hand band, and two black wrist straps with metal studs.

the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* 109 S.Ct. at 1872. The Court must consider "that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.*

■ The defendants contend that the force used by Officer D'Ambrosio was reasonable, and that he did not violate Mr. Saddler's rights under the Fourth Amendment. The defendants argue that the plaintiff has failed to contest the material facts that made it reasonable for Officer D'Ambrosio to use force on Mr. Saddler in arresting him, and that summary judgment should be granted as a matter of law.

The plaintiff's version of the facts is markedly different than that of the defendants. Numerous issues of material fact exist, making summary judgment as to the Fourth Amendment claim inappropriate. The Court has strikingly different versions of what the circumstances were in which the officer was acting, creating a major obstacle to the resolution of this claim on summary judgment. Much of the resolution of the contradiction in the versions of events surrounding the arrest of Mr. Saddler will be based on the evaluation of the credibility of witnesses, something not available to the Court in the posture of a motion to dismiss, or a motion for summary judgment. The plaintiff has alleged facts that, if true, indicate that Officer D'Ambrosio's actions were objectively unreasonably and violated the plaintiff's Fourth Amendment rights. Whether or not Mr. Saddler's version will ultimately prevail is a question for another day.

■ Defendants further assert that Officer D'Ambrosio is immune from suit because Mr. Saddler cannot point and has not pointed to any action of D'Ambrosio that is violative of clearly established law or is unreasonable. The Supreme Court set the standard a plaintiff must meet in order to overcome a defense of qualified immunity

in *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A plaintiff must plead that no reasonable person in the defendant's position could have believed his actions to be lawful, in light of clearly established law. *Id.* at 641, 107 S.Ct. at 3039–40.

> [T]he right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

*Id.,* at 640, 107 S.Ct. at 3039. *See also Siegert v. Gilley,* 895 F.2d 797 (D.C.Cir. 1990).

■ This Court finds that Mr. Saddler has alleged specific facts that, if true, show that Officer D'Ambrosio violated clearly established law and no reasonable official in his position could have believed his conduct to be lawful. For example, no reasonable official in Officer D'Ambrosio's position would believe that it was lawful to swing a nightstick through the opening in a car roof, after approaching a citizen stopped illegally on a street, with no indication of violence on the part of the citizen. Thus, this Court holds that Mr. Saddler's Fourth Amendment claim against Officer D'Ambrosio is not barred by Officer D'Ambrosio's qualified immunity.

Accordingly, this Court denies the defendants' motion to dismiss, or in the alternative for summary judgment as to plaintiff's Fourth Amendment *Bivens* claim.

### B. 42 U.S.C. § 1983

■ Mr. Saddler's 42 U.S.C. § 1983 claim against Officer Philip P. D'Ambrosio must be dismissed for failure to state a claim. 42 U.S.C. § 1983 creates a cause of action for deprivations under color of state law of Constitutional rights, privileges and immunities. Actions under color of federal law are not cognizable under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 398

n. 1, 91 S.Ct. 1999, 2006 n. 1, 29 L.Ed.2d 619 (Harlan, J., concurring).

■ Mr. Saddler fails to state a cause of action under 42 U.S.C. § 1983 because as a United States Capitol Police Officer, D'Ambrosio was acting under color of federal law, not under state law or District of Columbia law. At all times during this incident, Officer D'Ambrosio was acting in the course of his duties as a United States Capitol Police Officer. When the incident took place, Officer D'Ambrosio was on patrol in a United States Capitol Police patrol car, dressed in the uniform of the United States Capitol Police, acting under the authority of federal law. After Officer D'Ambrosio arrested Mr. Saddler, Officer D'Ambrosio took him to the United States Capitol Police Station.

Mr. Saddler suggests that because Officer D'Ambrosio first approached him near the intersection of Massachusetts Avenue and D Street, N.E., which is not formally within the boundaries of the United States Capitol, he was acting under color of the law of the District of Columbia, not under color of federal law.[5] Even if the Court were to find that Officer D'Ambrosio was one block outside his geographic jurisdiction, which the Court does not deem necessary to its decision, Officer D'Ambrosio would still be considered a federal official acting under color of federal law. Cf. *Wirth v. Surles*, 562 F.2d 319 (4th Cir. 1977), *cert. denied*, 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (When a highway patrolman crosses a state line to obtain custody of a suspect and returns the suspect without extradition to the state which the officer serves, he is acting under color of law, even if his acts constitute an abuse of authority conveyed upon an officer). Thus, Mr. Saddler's claim under 42 U.S.C. § 1983 must be dismissed for failure to state a claim.

### C. Common Law Claims

Mr. Saddler's complaints include a number of common law claims against Officer D'Ambrosio. Only his negligence and replevin claims are viable under the statute of limitations.[6] Mr. Saddler's negligence and replevin claims must be dismissed for lack of jurisdiction, since he failed to satisfy the procedural prerequisite of filing a tort claim with the appropriate federal agency.[7]

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Mr. Saddler's exclusive remedy for personal injury or loss of property arising from the negligent or wrongful act or omission of an employee of the federal government, while acting in the scope of his employment is against the United States, not against Officer D'Ambrosio. 28 U.S.C. § 2679(b)(1). Section 8(d) of FELRTCA provides that the period during which the claim shall be deemed to be timely under Section 2679(d)(5) shall be the period that the claim would be timely under state law.[8] Thus, his claims of negligence and replevin against Officer D'Ambrosio are untimely.

---

5. It is uncontested that Officer D'Ambrosio first approached Mr. Saddler outside Capitol Grounds near the intersection of Massachusetts Avenue and D Street, N.E., but was arrested inside Capitol Grounds near the intersection of 1st and D Streets, N.E.

6. In the District of Columbia, the statute of limitations for actions for negligence and replevin is three years. Mr. Saddler brought Civil Action No. 88–2699 and the original state action, now 88–3188 (which was later removed to this Court), on September 22, 1988. All causes of action arose on September 23, 1985, except for his malicious prosecution claim, which the Government states arguably did not accrue until all charges against Mr. Saddler were dismissed for lack of prosecution, on or about March 2, 1987. Defendants' Motion to Dismiss 88–3188

at 6. Mr. Saddler's common law claims of assault, battery, malicious prosecution, false arrest, false imprisonment, slander and libel are barred by the statute of limitations. All of these claims must be brought within one year from the time the action accrues. D.C.Code § 12–301(4). The claims for negligence and replevin are the only ones with a statute of limitations of 3 years. Mr. Saddler brought these claims one day before the statutory time bar.

7. An action in replevin sounds in tort. *Totaro v. Lyons*, 498 F.Supp. 621 (D.Md.1980).

8. Section 8(d) applies to those claims which accrued before the Act was enacted, on November 18, 1988. Since Mr. Saddler's claims accrued before this date, Section 8(d) applies to his claims.

These claims arise under 28 U.S.C. § 2679(d)(5), since the United States has been substituted as the party defendant. They will be dismissed for failure to first file a claim with the proper federal agency, pursuant to 28 U.S.C. § 2675. However, since Mr. Saddler filed his civil action within the three year statutory period, his claim is timely under Section 2679(d)(5)(A)[9] and will be deemed timely pursuant to Section 2401(b).[10]

Accordingly, this Court holds that Mr. Saddler may present his claims for negligence and replevin to the appropriate Federal agency within 60 days after these claims are dismissed.[11]

### III. CONCLUSION

Based on the foregoing, defendants' motion to dismiss, or in the alternative for summary judgment, shall be denied in part and granted in part. Since Civil Action No. 88-3188 consists solely of common law tort claims against defendant Philip P. D'Ambrosio, Civil Action No. 88-3188 shall be dismissed.

---

**9.** 28 U.S.C. § 2679(d)(5) provides:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, *such a claim shall be deemed to be timely presented under section 2401(b) of this title if—(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.*

28 U.S.C. § 2679(d)(5).

**10.** Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States is timely when "it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

**11.** Thus, Civil Action No. 88-3188 shall be dismissed since it consists solely of common law tort claims against Officer Philip D'Ambrosio. *See* Amended Complaint, Civil Action No. 88-3188.