Sullivan
No. 79-217
No. 79-293
No. 79-296

ROBERT R. HOWARD, III, ADMINISTRATOR
OF THE ESTATE OF FRANKLIN C. BALDWIN, *& a.*

v.

DORR WOOLEN COMPANY

May 5, 1980

*Craig, Wenners, Craig & McDowell*, of Manchester (*Thomas E. Craig* orally), for the plaintiffs.

*Elliott & Jasper*, of Newport (*Louie C. Elliott, Jr.*, orally), for the defendant.

BOIS, J. This appeal is a consolidation of three separate cases consisting of two interlocutory appeals and an appeal from the granting of a motion to dismiss by *DiClerico*, J. The principal issue is whether either the widow or the estate of the decedent is entitled to damages, including the value of a group term life insurance policy, for an alleged wrongful discharge by the defendant. We hold that neither is entitled to such damages, and dismiss the appeal.

According to the agreed statement of facts, Franklin C. Baldwin was employed by the defendant Dorr Woolen Company almost continuously from November 1952 to March 1975, at which time he was discharged for reasons of "economic necessity." At the time of his discharge, Mr. Baldwin had vested retirement benefits under a company plan that he was not entitled to receive unless and until he reached the age of fifty-five. The defendant had also provided Mr. Baldwin with group term life insurance in the amount of $36,000, which he was entitled to continue upon his discharge provided that he assume the premium payments. Mr. Baldwin was discharged at the age of fifty. He did not choose to keep the life insurance policy in effect because he allegedly could

not afford to pay the premiums. Mr. Baldwin died one year after his discharge.

Laura M. Baldwin, the widow of Franklin C. Baldwin, was the named beneficiary in the insurance policy at issue. She and Robert R. Howard, III, administrator of the estate of Mr. Baldwin, brought these actions for wrongful discharge by the defendant, principally claiming damages in the amount of the life insurance policy.

The first issue is whether the estate of Mr. Baldwin has pleaded sufficient facts to maintain an action against the defendant. The administrator alleges that the defendant discharged Mr. Baldwin because of his age, his suffering from a debilitating condition of angina, and for the purpose of denying him his accrued retirement benefits. He argues that such allegations constitute a discharge motivated by bad faith, malice, or retaliation, and warrant recovery for breach of contract under *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974).

It is evident that the defendant did not discharge Mr. Baldwin for the purpose of denying him his accrued retirement benefits, as it is admitted by both parties that such benefits vested at the time of his discharge, but that he was not entitled to receive them unless and until he reached the age of fifty-five. We therefore disregard this allegation.

We also find the administrator's reliance upon *Monge v. Beebe Rubber Co. supra* for the proposition that a discharge due to age or sickness warrants recovery is misplaced. We construe *Monge* to apply only to a situation where an employee is discharged because he performed an act that public policy would encourage, or refused to do that which public policy would condemn. *See, e.g., Ness v. Hocks*, 272 Ore. 210, 536 P.2d 512 (1975) (employee discharged for accepting jury duty); *cf. Whirlpool Corp. v. Marshall*, 100 S. Ct. 883 (1980). A discharge due to sickness does not fall within this category and is generally remedied by medical insurance or disability provisions in an employment contract. Nor does discharge because of age fall within this narrow category. The proper remedy for an action for unlawful age discrimination is provided for by statute. *See* RSA 354-A:8 I (Supp. 1979), :9; 29 U.S.C. §§ 623, 626 (1976). Accordingly, the administrator's claim must fail on the basis of his pleadings. We note, however, that even if the claim did not fail, the administrator would have no claim to insurance proceeds under the decedent's

policy in this case because there was a named beneficiary, Laura M. Baldwin, the decedent's widow. *See generally* 44 AM. JUR. 2d *Insurance* § 1925 (1969).

■ ■ The next issue is whether Laura M. Baldwin can maintain an action against the defendant. Any right of action she arguably had as a third party beneficiary under the employment contract between her deceased husband and the defendant is nullified by our narrow construction of *Monge v. Beebe Rubber Co. supra.* Furthermore, any right of action she may have had as a beneficiary under the insurance policy was lost when her husband chose to terminate it by not paying the premiums after his discharge. Accordingly, the present claim of Laura Baldwin against the defendant must also fail.

*Plaintiffs' appeals dismissed; defendant's motion to dismiss is granted.*

All concurred.