Hillsborough-northern judicial district
No. 94-028

DAVID WENNERS

v.

GREAT STATE BEVERAGES, INC.

August 4, 1995

*Kelliher & Clougherty* and *Elizabeth Cazden*, of Manchester (*Michael B. Clougherty* and *Ms. Cazden* on the brief, and *Mr. Clougherty* orally), for the plaintiff.

*Nixon, Raiche, Brown & Manning*, of Manchester, and *Herbert H. Bennett & Associates, P.A.*, of Portland, Maine (*David L. Nixon* and

*Peter Bennett* on the brief, and *Mr. Bennett* orally), for the defendant.

HORTON, J. This interlocutory appeal comes to us following an order of the Superior Court (*Conboy*, J.) denying the defendant's motion to dismiss the wrongful termination claims of the plaintiff, David Wenners. On appeal, the defendant, Great State Beverages, Inc. (Great State), argues that the plaintiff's wrongful termination claims are not recognized under New Hampshire law because a valid statutory remedy exists, are preempted under the supremacy clause of the United States Constitution, and would thwart the uniformity mandated by the bankruptcy clause of the United States Constitution and section 525(b) of the Bankruptcy Code. We affirm and remand.

■  Because this appeal comes to us on a denial of a motion to dismiss for either failure to state a claim upon which relief may be granted or preemption of that claim, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. *Thompson v. Forest*, 136 N.H. 215, 216, 614 A.2d 1064, 1065 (1992). We will affirm the trial court's order denying the motion to dismiss if "the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." *Id.* (brackets and quotation omitted).

The plaintiff worked for Great State for nineteen years, during the later part of which he filed a petition for voluntary personal bankruptcy. The chief executive officer of Great State and/or his son, the president of Great State, asked the plaintiff to turn over assets to either or both of them in contravention of a bankruptcy court order, which the plaintiff refused to do. Great State terminated the plaintiff's employment, and he brought suit alleging that his termination was a result of his bankruptcy filing and/or his refusal to comply with the demands to turn over the assets.

The defendant, citing *Howard v. Dorr Woolen Company*, 120 N.H. 295, 297, 414 A.2d 1273, 1274 (1980), argues that where a statutory remedy exists, no common law cause of action can lie. The defendant contends that the plaintiff has a valid statutory remedy under the United States Bankruptcy Code. *See* 11 U.S.C. §§ 105(a), 525(b) (1988). Section 525(b) bars private employers from terminating or discriminating with respect to the employment of a debtor or bankrupt under the act solely because such debtor or bankrupt has filed for bankruptcy, failed to pay a debt that is dischargeable, or been discharged under the act. 11 U.S.C. § 525(b). Section 105(a) permits the bankruptcy court to "issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

■■ In order to have a valid claim for wrongful termination, the plaintiff must show: "one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn." *Short v. School Admin. Unit 16*, 136 N.H. 76, 84, 612 A.2d 364, 370 (1992). While a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action, *see Howard*, 120 N.H. at 297, 414 A.2d at 1274; *Thompson*, 136 N.H. at 216, 614 A.2d at 1065, here, there has been no clear statutory intent to supplant the common law cause of action. *Compare Howard*, 120 N.H. at 297, 414 A.2d at 1274 (proper remedy for age discrimination provided by statute, which specifically prohibits age discrimination and details procedure for pursuing such action) *with* 11 U.S.C. § 525(b). "Section 525(b) itself provides no remedy for violation by a private employer," *In re Hicks*, 65 B.R. 980, 984 (Bankr. W.D. Ark. 1986), nor does it set forth procedures or refer to any other section of the Code. While section 525(b) generally prohibits termination of employment, it does not evidence an intent to supplant a common law cause of action for wrongful termination.

The defendant next argues that because the plaintiff relies on the Bankruptcy Code to support the public policy prong of his wrongful termination claim, it is preempted by federal bankruptcy law. We disagree.

■ The United States Supreme Court has defined three circumstances in which state law is preempted under the supremacy clause. "First, Congress can define explicitly the extent to which its enactments pre-empt state law." *English v. General Electric Co.*, 496 U.S. 72, 78 (1990). "Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id.* at 79. "Finally, state law is pre-empted to the extent that it actually conflicts with federal law." *Id.*

■■ Our review of the Bankruptcy Code reveals nothing that triggers an express preemption of state common law claims for wrongful termination based on section 525(b). *See English*, 496 U.S. at 80. Therefore, we proceed to the other possible grounds for preemption. Under the second circumstance of preemption, an intent to occupy the field exclusively

> may be inferred from a scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for States to supplement it, or where an Act of Congress touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.

*Id.* at 79 (quotations, ellipses, and brackets omitted). If the field which Congress is said to have preempted includes an area traditionally occupied by the States, such as employment or employment discrimination, *see Jones Dairy Farm v. N.L.R.B.*, 909 F.2d 1021, 1027 (7th Cir. 1990), Congress' intent to preempt must be "clear and manifest." *English*, 496 U.S. at 79 (quotation omitted). While the Bankruptcy Code is quite extensive and pervasive, its treatment of wrongful termination claims is not. Section 525(b), although dealing with the issue of bankruptcy and employment, provides no set of procedures or explicit means to enforce claims for wrongful termination. We find no "clear and manifest" intent to preempt a claim of wrongful termination under state law.

■■ Nor is a cause of action for wrongful termination under State law in actual conflict with federal law. An actual conflict exists when "it is impossible for a private party to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishments and execution of the full purpose and objective of Congress." *English*, 496 U.S. at 79 (quotation and citation omitted). The prohibition in section 525(b) and a State law cause of action for wrongful termination based on the public policy set forth in that section are not incompatible; in fact, they are complementary. A wrongful termination claim relying on section 525(b) would further the goals of Congress to protect debtors from discrimination and ensure that all property that belongs in the estate remain in or be returned to the estate. *See* 11 U.S.C. §§ 525(b), 542 (1988). That a cause of action under State common law may offer the plaintiff a greater remedy than does the Bankruptcy Code does not affect our analysis. *English*, 496 U.S. at 89 ("[O]rdinarily, state causes of action are not pre-empted solely because they impose liability over and above that authorized by federal law." (quotation omitted)).

We have considered the defendant's remaining argument and find it unpersuasive. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595,

596 (1993). We affirm the superior court's denial of the defendant's motion to dismiss.

*Affirmed and remanded.*

All concurred.