Foster v. Wal-Mart, Inc.            CV-94-571-JD  03/15/96
                   UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Arlene Foster

      v.                                  Civil No. 94-571-JD

Wal-Mart, Inc.


                              O R D E R


     The plaintiff, Arlene Foster, has filed this employment

discrimination action against her former employer, defendant Wal-

Mart, Inc.  The plaintiff asserts a violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., (count one);

common law wrongful discharge (count two); intentional and

negligent infliction of emotional distress (count three);

enhanced compensatory damages (count four); and unlawful

discriminatory employment practices in violation of the state

human rights act, N.H. Rev. Stat. Ann. ("RSA") § 354-A et. seq.

(count five).  Before the court is the defendant's partial motion

to dismiss (document no. 13).


                            Discussion

     The defendant has already filed an answer to the plaintiff's

complaint and, as such, the pleadings have closed within the

meaning of Rule 7(a).  Accordingly, the court will treat the

defendant's motion to dismiss under Rule 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c).

A motion for judgment on the pleadings will be granted if, accepting all of the plaintiff's factual averments contained in the complaint as true, and drawing every reasonable inference helpful to the plaintiff's cause, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); see Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 182 (7th Cir. 1986) (standard for evaluating Rule 12(c) motion is essentially the same as the standard for evaluating motion under Rule 12(b)(6)). The court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

A.   Count Two: Common Law Wrongful Termination

Count two asserts a common law claim for wrongful termination.  The plaintiff alleges that the defendant knowingly permitted her supervisor, Ed Griswold, to subject her to intolerable levels of sexual harassment and discrimination.

2

Complaint at ¶¶ 38-40.  The plaintiff further alleges that she became disabled from working under these conditions and that she was constructively discharged because she "refused to tolerate and submit to sexual harassment and discrimination."  Id. at ¶¶ 39-41.  The plaintiff claims damages related to physical and emotional injury and financial loss.

Under New Hampshire common law,

> [i]n order to have a valid claim for wrongful termination, the plaintiff must show:  "one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn."

Wenners v. Great State Beverages, 140 N.H. 100, ___, 663 A.2d 623, 625 (1995) (quoting Short v. School Admin. Unit 16, 136 N.H. 76, 84, 612 A.2d 364, 370 (1992)), cert. denied, 116 S. Ct. 926 (1996).  However, "[t]he Supreme Court of New Hampshire has recently stated [that] 'a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action.'"  Miller v. CBC Companies, Inc., 908 F. Supp. 1054, 1066 (D.N.H. 1995) (quoting Wenners, 140 N.H. at ___, 663 A.2d at 625); see Smith v. F.W. Morse & Co., Inc., No. 95-1556, slip op. 29-32 (1st Cir. Feb. 12, 1996).  Such legislative intent is apparent where "a statute provides a remedy for its violation and sets forth procedures pursuing such action."

3

Miller, 908 F. Supp. at 1066; see Howard v. Dorr Woolen Co., 120 N.H. 295, 297-98, 414 A.2d 1273, 1274 (1980) (wrongful discharge claim barred where "proper remedy for age discrimination is provided by [federal and state] statute.").

The plaintiff's wrongful discharge claim is based squarely on allegations of sexual harassment and discrimination, and her inability to tolerate or, in the alternative, her constructive discharge for refusing to tolerate, such workplace conditions. See Complaint at ¶¶ 37-42. New Hampshire explicitly has proscribed such conduct:

> **Unlawful Discriminatory Practices**. It shall be an unlawful discriminatory practice:
>
> I. For an employer, because of age, sex, race, color, marital status, physical or mental disability or national origin of any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based on bona fide occupational qualifications.

RSA § 354-A:7 (Supp. 1994). Moreover, the human rights act provides a remedy for such a violation and specific procedures for those seeking redress. See RSA § 354-A:21, 22 (discussing complaint procedures and judicial review). This statutory anti-discrimination scheme provides the exclusive state law remedy for the unlawful conduct alleged by the plaintiff. This conclusion comports with the language of the statute, interpretation of the statute by the state courts, and recent First Circuit case

4

authority.  See F.W. Morse, slip op. at 29-32 (existence of federal Title VII remedy for gender-based and pregnancy discrimination precludes common law wrongful discharge claim); RSA § 354-A:25 (indicating that the act is exclusive remedy "as to acts declared unlawful by this chapter"); Howard, 120 N.H. at 297-98, 414 A.2d at 1274 (1980) (common law wrongful discharge claim barred where based on allegations of age discrimination); cf. Miller, 908 F. Supp. at 1066 (common law wrongful discharge claim not barred where "plaintiff has not stated a claim for which a statute provides a remedy or sets forth procedures for pursuing such action"); Wenners, 140 N.H. at ___, 663 A.2d at 625 (common law wrongful discharge claim not barred where federal statute did prohibit the unlawful conduct alleged but did not provide a remedy or procedures for pursuing such illegality against private employer).[1]  Accordingly, the wrongful discharge claim asserted in count two is dismissed.

---

[1]The plaintiff relies on Godfrey v. Perkins-Elmer Corp., 794 F. Supp. 1179 (D.N.H. 1992), for the proposition that common law wrongful termination claims co-exist with the statutory remedies. Plaintiff's Memorandum at 4-6.  The reliance is misplaced given the overwhelming weight of contrary authority, discussed supra, and the First Circuit's recent suggestion that, at least with respect to their non-exclusive remedy holdings, Godfrey and Kopf v. Chloride Power Electronics, Inc., 882 F. Supp. 1183, 1189-90 (D.N.H. 1995), are "consign[ed] to the scrap heap." F.W. Morse, slip op. at 31 n. 11.

B.    Count Three: Infliction of Emotional Distress

Count three asserts claims for the intentional and negligent infliction of emotional distress.  The plaintiff alleges that Griswold, with the defendant's knowldge, "intentionally and recklessly subjected [the plaintiff] to sexual harassment and verbal abuse" of an extreme and outrageous nature and that the defendant was aware of this conduct.  Complaint at ¶¶ 43-47.  As a result, the plaintiff allegedly suffered significant physical and emotional injury as well as financial harm.  Id. at ¶¶ 47-48.

This court has repeatedly and consistently ruled that claims for emotional distress, whether sounding in negligence or intentional tort, are barred by the exclusivity provisions of the state workers' compensation statute, RSA § 281-A:8(I).  See, e.g., Sweet v. Hadco Corp., No. 95-576-M, slip op. at 3-4 (D.N.H. Jan. 18, 1996) (citing Miller v. CBC Companies, No. 95-24-SD, slip op. (D.N.H. Nov. 29, 1995)); Bartholomew v. Delhaye, No. 95-20-B, slip op. (D.N.H. Nov. 8, 1995)); Frechette v. Wal-Mart Stores, No. 94-430-JD, slip op. at 10-11 (D.N.H. Sept. 26, 1995) (citing Brewer v. K.W. Thompson Tool Co., 647 F. Supp. 1562, 1565 (D.N.H. 1986)).

The plaintiff responds that the "workers' compensation statute does not bar an employee from suing co-employees for intentional torts.  Because the plaintiff alleged in her

complaint that Ed Griswold, a Wal-Mart employee intentionally inflicted emotional distress upon her, RSA § 281-A:8 does not bar her claims." Plaintiff's Objection to Motion to Dismiss at ¶ 3. The argument fails. The only defendant to this action is Wal-Mart, the plaintiff's employer. Thus, it is entirely irrelevant that an unasserted claim against an unnamed defendant would not be barred by the statute. The plaintiff's remaining arguments, including her analogy to 42 U.S.C. § 1983, are also without merit. Accordingly, the intentional and negligent infliction of emotional distress claims asserted in count three are dismissed.

## C.    Count Five: Claim Under RSA § 354-A

Count five asserts liability for a violation of the New Hampshire human rights act, RSA § 354-A et. seq.. The plaintiff concedes that the claim is barred by Judge Devine's ruling in Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109 (D.N.H. 1995). See Plaintiff's Memorandum in Opposition to Motion to Dismiss at 12. Accordingly, count five is dismissed.

## Conclusion

The defendant's partial motion to dismiss (document no. 13) is granted with respect to the state law claims asserted in counts two, three, and five. The dismissal of each state law

7

claim forecloses recovery of enhanced compensatory damages and, as such, count four is dismissed as well.  The sole remaining claim is asserted under Title VII (count one).

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

March 15, 1996

cc:  Vincent A. Wenners Jr., Esquire
     E. Tupper Kinder, Esquire