Moher v. Chemfab                              CV-96-325-M    02/13/97   P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Brian Moher

    v.                                          Civil No. 96-325-M

Chemfab Corporation


O R D E R


    Brian Moher brings suit under the Americans with

Disabilities Act ("ADA"), 29 U.S.C.A. § 12101 et seq., alleging

that his former employer, Chemfab Corporation, fired him because

his knee condition prevented him from performing certain work.

Chemfab moves to dismiss Moher's suit asserting that his

administrative complaint was not timely filed.  For the following

reasons, Chemfab's motion is denied.

    When considering a motion to dismiss, the court must accept

all well-pleaded facts in the plaintiff's complaint as true and

resolve all reasonable inferences in his favor.  Aulson v.

Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  Moher alleges that

during Chemfab's required physical examination at the time of

hiring he explained that he had had ninety percent of the

cartilage removed from his left knee.  Nevertheless, he was hired

to work in the casting department, which posed no particular

problem given his knee condition.  But, when work in the casting area slowed, he was reassigned to the fabrication department where he was required to spend most of his working time on his hands and knees.  As a result, his knee became swollen and painful, and he missed a week of work.  When he returned, he was examined by Chemfab's physician who restricted him from kneeling, climbing, squatting, crawling, or bending his knee.  Chemfab discharged Moher the day after the company physician limited his work activity (May 6, 1994).  Within two weeks, however, Chemfab hired several temporary workers to fill positions in the casting department where Moher had previously worked without difficulty.

Moher filed a complaint with the New Hampshire Commission on Human Rights ("NHCHR") and the Equal Employment Opportunity Commission ("EEOC") on March 1, 1995, and received a right to sue letter on April 4, 1996.  He then filed suit in this court alleging that his knee condition qualified as a disability within the meaning of the ADA and that Chemfab fired him in violation of the ADA in that it failed to reasonably accommodate his disability so as to allow him to work without kneeling in the fabrication department, or, by failing to transfer him back to the casting department where he demonstrably could work without any accommodation at all.

2

Chemfab seeks to dismiss Moher's suit on grounds that he failed to file his administrative complaint with the EEOC within 180 days of the date of his firing, which failure operates as a jurisdictional bar to this suit. While Chemfab's argument presents a creative interpretation of Title VII's somewhat complex administrative filing requirements, the court is not persuaded that it is correct.

Title I of the ADA, prohibiting disability discrimination in employment, is commonly construed to incorporate the administrative filing requirements imposed by Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000e-5[1]. See, e.g., Dao v. Auchan Hypermarket, 96 F.3d 787, 788 (5th Cir. 1996); Madison v. St. Joseph Hospital, No. 95-239-SD, 1996 WL 734873 *2 (D.N.H. Aug. 28, 1996); Miller v. CBC Companies, Inc., 908 F.Supp. 1054, 1059 (D.N.H. 1995). Title VII requires plaintiffs to exhaust administrative remedies before filing suit in federal court. Lawton v. State Mutual Life Assurance Co. of America, No. 96-1609, 1996 WL 678623 at *1 (1st Cir., Dec. 2, 1996). The general rule requires administrative complaints to be filed with the EEOC within 180 days of the discriminatory act, unless the complaint

_____

[1] The ADA adopts the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, and 2000e-9 of this title." 42 U.S.C.A. § 12117(a).

3

is first filed with a state agency "with authority to grant or seek relief from such practice," in which case it may be filed within 300 days. 42 U.S.C.A. § 2000e-5(e); see also EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988). If a state does not have an appropriate state agency, then the administrative discrimination complaint of course must be filed with the EEOC within 180 days of the last discriminatory event, as a prerequisite to filing suit. See 29 C.F.R. § 1601.13(a).

Chemfab contends that Moher's complaint had to be filed with the EEOC within 180 days of his firing rather than within 300 days, because the NHCHR lacked authority "to grant or seek relief" on Moher's complaint. Chemfab's view is that the NHCHR's authority to grant or seek relief in a given case turns upon each complaint's viability under discrete state law. Relying on the statutory definition of "physical or mental handicaps" found in New Hampshire Revised Statutes Annotated chapter 354-A until 1992,[2] Chemfab argues that Moher's complaint,[3] based on a failure to provide reasonable accommodation for his disability, a claim

_____

[2] Chapter 354-A was repealed and reenacted in 1992. The present statutory definitions no longer include the definition relied upon by Chemfab. See N.H. Rev. Stat. Ann. § 354-A:2 (1995).

[3] Moher's complaint in this court does not reveal the precise nature or content of the administrative complaint previously filed with the NHCHR and the EEOC.

4

recognized under the ADA, is <u>not</u> a claim actionable under New Hampshire law. <u>See</u> <u>Petition of Dunlap</u>, 134 N.H. 533, 539-42 (1991) (construing prior law). Accordingly, Chemfab argues, because Moher's complaint is based on a claimed failure to reasonably accommodate his disability, a failure allegedly not actionable under New Hampshire law, the NHCHR necessarily lacked jurisdiction over that complaint, and therefore he had to have filed that particularized administrative complaint with the EEOC within 180 days as a prerequisite to filing suit in this court.

Chemfab's interpretation of the administrative process would require the EEOC, and individual complainants, to resolve complex questions of state law before they could begin to determine what applicable filing period to apply with respect to federal administrative complaints. Necessarily then, based on Chemfab's interpretation, the viability of federal discrimination claims both before the EEOC and in this court, which were first filed in state agencies more than 180 days after the last discriminatory event, would depend on the substantive merit of those claims under each state's laws.

The Supreme Court has held, however, that applicable filing periods for EEOC complaints are not affected by different state filing periods, because otherwise the EEOC would be embroiled "in

5

complicated issues of state law," and because it believed it important to establish "a rule that is both easily understood by complainants and easily administered by the EEOC."  EEOC, 486 at 124.  Chemfab's suggested interpretation, requiring a case-by-case merits jurisdictional inquiry, would pose the same type of problem as do widely varying state filing deadlines.  The Supreme Court's expressed concern would appear to be equally applicable to both types of state law barriers.[4]

Lay persons generally file and are encouraged to file administrative discrimination complaints, and policy considerations consistent with the remedial purposes of the

_____

[4] Although some courts have looked to state agencies' jurisdiction over particular parties to determine whether complaints are timely filed, that approach is not applicable here.  See, e.g., Vitug v. Multistate Tax Commission, 860 F. Supp. 546, 550 (N.D. Ill. 1994), aff'd on other grounds, 88 F.3d 506 (7th Cir. 1996); Silva v. Universidad de Puerto Rico, 817 F. Supp. 1000 (D.P.R. 1993).  In those cases, it seems that a determination of the state agency's jurisdictional reach required far less state law analysis than an evaluation of the merits of a complainant's case under state law would require.  But see Booth v. N.C. Dept. of Envtl. Health and Natural Resources, 899 F. Supp. 1457, 1464 (E.D.N.C. 1995) (state agency lacks jurisdiction over complaint alleging only a federal law claim and it must be filed with EEOC within 180 days of last event); Davis v. North Carolina Dept. of Corrections, 48 F.3d 134, 137 (4th Cir. 1995) ("where state law protects persons against the kind of discrimination alleged, complainants are required to resort to state and local remedies before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law" (emphasis added, quotations omitted)).

federal antidiscrimination laws counsel persuasively that state law barriers should not be permitted to complicate or obfuscate the federal filing process. See EEOC, 486 U.S. at 124. For purposes of federal filing, therefore, whether a state agency has "authority to grant or seek relief" with respect to a discrimination complaint is a matter properly decided based upon a general view of the enabling legislation establishing the state agency. EEOC, 486 U.S. at 123. Under Title VII, New Hampshire is a "deferral state," meaning that the state has its own fair employment practices statute, New Hampshire Revised Statutes chapter 354-A, and its own enforcement agency, the NHCHR, that is empowered to grant relief with respect to employment practices that discriminate on various grounds including disability. See 42 U.S.C.A. § 2000e-5(c); 29 C.F.R. §§ 1601.70(a)(1) & (2), 1601.74, 1601.80; see also Madison, 1996 WL 734873 at *3. Therefore, a complaint about discrimination within one of the generally protected areas, such as disability, that is filed with NHCHR within 300 days of the last discriminatory action, will be considered timely filed for purposes of the EEOC filing deadline.

Moher did (apparently) file an administrative complaint that alleged discrimination based on his physical disability, a matter well within the general purview of the NHCHR, at least for filing

7

purposes.  The complaint was filed within 300 days of his discharge by Chemfab.  As the NHCHR was an appropriate and properly authorized agency with which to file Moher's employment disability discrimination complaint.  Whether or not Moher's particular request for relief could or should be granted on the merits under New Hampshire law, the complaint was valid and filed timely for federal purposes.[5]

## CONCLUSION

Defendant's motion to dismiss (document no. 4) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

---

[5] As mentioned, the administrative complaint is not before the court, but to the extent it complained of discrimination based on physical disability its filing was timely if filed within 300 days.  Because the viability of Moher's precise claim under New Hampshire law (as distinguished from his general claim of disability discrimination) is not relevant in resolving the timeliness of his complaint filed simultaneously with NHCHR and EEOC, it is unnecessary to decide whether the current version of RSA chapter 354-A prohibits, as discrimination on the basis of a disability, an employer's failure to provide a reasonable accommodation.

8

**February 13, 1997**

cc:  Joni N. Esperian, Esq.
     Jill K. Blackmer, Esq.