Trudell v. Spaulding Composites          CV-97-181-SD 01/12/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Vicki Trudell</u>

    v.                                        Civil No. 97-181-SD

<u>Spaulding Composites Company;</u>
<u>Kim A. Sullivan</u>


O R D E R

The plaintiff Vicki Trudell filed this sexual harassment and employment discrimination claim against her former employer, Spaulding Composites Company (Spaulding), and former supervisor, Kim Sullivan.  Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count I), common law wrongful discharge and constructive wrongful discharge (Counts II and III), intentional and negligent infliction of emotional distress (Counts IV, V, VI, and VII), and assault and battery (Count VIII).  Presently before the court is defendant Spaulding's motion to dismiss Counts II and III as precluded by the Title VII claim and Counts IV, VI, and VIII as barred by the New Hampshire Workers' Compensation Act's exclusivity provision. Defendant Sullivan also has moved to dismiss for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6).

## Background

Spaulding hired Trudell as an accountant in March of 1995. On various occasions Sullivan, one of Trudell's supervisors, touched her and made unwelcome and inappropriate comments to her. Trudell reported these incidents to the accounting supervisor, Paulette DeDomenico. When Sullivan's touching continued despite her complaints, Trudell gave her resignation, stating that she could not longer work for a company that tolerated sexual harassment. After receiving Trudell's resignation, Human Resources Manager Dave Marshall conducted an investigation and told Trudell that Sullivan had received a written warning. Trudell subsequently rescinded her resignation. Spaulding, however, reconsidered the resignation and terminated Trudell.

## Discussion

### I. Standard for Dismissal

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To resolve defendants' Rule 12(b)(6) motions, the court must "take the well-pleaded facts as they appear in the complaint, extending plaintiff every reasonable inference in [her] favor."

<u>Pihl v. Massachusetts Dep't of Educ.</u>, 9 F.3d 184, 187 (1st Cir. 1993) (citing <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 442-43 (1st Cir. 1992)).  The court may properly dismiss a claim under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'"  <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.</u>, 958 F.2d 15, 17 (1st Cir. 1992) (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

## II. Spaulding's Motion to Dismiss

### a.  Wrongful Discharge

Spaulding contends that Title VII supplants Trudell's claims for wrongful termination.  Under New Hampshire law an employer cannot terminate an at-will employee for a reason that violates public policy.  <u>See</u> <u>Monge v. Beebe Rubber Co.</u>, 114 N.H. 130, 133, 316 A.2d 549, 551 (1974).  "[T]o have a valid claim for wrongful termination, the plaintiff must show: 'one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn.'"  <u>Wenners v. Great State Beverages</u>, 140 N.H. 100, 103, 663 A.2d 623, 625 (1995) (quoting <u>Short v. School Admin. Unit 16</u>, 136 N.H. 76, 84, 612 A.2d 364, 370 (1992)), <u>cert.</u>

3

denied, 116 S. Ct. 926 (1996). Because a termination only violates the law if it is based on the employee's act or refusal to act, the law does not cover a situation in which the employer fires an employee because of his or her status. See Howard v. Dorr Woolen Co., 120 N.H. 295, 297, 414 A.2d 1273, 1274 (1980). Thus, if Trudell's claim is that Spaulding fired her based upon her sex, she does not state a claim for wrongful termination.

Trudell, however, argues that Spaulding discharged her in retaliation for her complaints. Thus the question is whether Title VII precludes this claim. The United States Court of Appeals for the First Circuit has stated that under New Hampshire law, "the existence of . . . a [statutory] remedy . . . precludes . . . a common law claim for wrongful discharge." Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996). Therefore, Trudell's wrongful discharge claim is barred because Title VII provides a remedy for such retaliatory discharge. See 42 U.S.C. § 2000e-3(a) (making it unlawful to discriminate against employee who opposes practice made unlawful by Title VII or makes a charge under Title VII).

### b. Workers' Compensation Exclusivity Provision

Spaulding argues that Trudell's emotional distress claims are barred by the exclusivity clause of New Hampshire's Workers' Compensation Law, which states, "An employee . . . shall be

4

conclusively presumed to have accepted the provisions hereof and . . . to have waived all rights of action whether at common law or by statute . . . against the employer . . . ." RSA 281:12 (1987)

The workers' compensation law prevents employees from bringing common law claims against their employers for personal injuries arising out of the employment relationship. <u>O'Keefe v. Associated Grocers of New England, Inc</u>, 120 N.H. 834, 835-36, 424 A.2d 199, 201 (1980). Emotional distress is considered a "personal injury," for which workers' compensation is the exclusive remedy. <u>See</u> <u>Censullo v. Brenka Video</u>, 989 F.2d 40, 43 (1st Cir. 1993) (interpreting New Hampshire law). Furthermore, the bar applies to suits against employers regardless of whether the claim is based on negligence or an intentional tort. <u>See</u> <u>Miller v. CBC Companies, Inc.</u>, 908 F. Supp. 1054, 1068 (D.N.H. 1995). In some cases, courts will allow an employee to sue an employer when the employer personally and intentionally caused an injury. <u>See</u> 6 LARSON'S WORKERS' COMPENSATION LAW § 68.00 (1997). However, when a co-employee intentionally causes an injury, the exclusivity provision bars suits against the employer. Thus Trudell's claims of negligent and emotional distress against Spaulding are barred.

Because Trudell's assault and battery claims against Spaulding are also claims against the employer for torts

5

committed by a co-worker, they are barred by the workers'
compensation exclusivity provision.

III. Sullivan's Motion to Dismiss

Because the New Hampshire Workers' Compensation Act bars all
suits against co-workers unless based upon an intentional tort,
Trudell's negligent infliction of emotional distress claim
clearly is barred. See RSA 281:12, supra. Of course, the
workers' compensation bar does not prohibit Trudell's claim of
intentional infliction of emotional distress against Sullivan.

Sullivan, however, argues that the court should decline to
exercise jurisdiction over Trudell's claim of intentional
infliction of emotional distress. In a civil action in which the
court has original jurisdiction, it also has "supplemental
jurisdiction over all other claims that are so related to claims
in the action within such original jurisdiction that they form
part of the same case or controversy. . . ." 28 U.S.C. § 1367(a)
(1994). Section 1367, however, provides narrow instances in
which the court may decline to exercise its supplemental
jurisdiction. See id. § 1367(c). One of these exceptions allows
the court to decline jurisdiction when a case presents a novel or
complex issue of state law. See id. According to Sullivan,
Trudell's claim of intentional infliction of emotional distress

presents a novel or complex issue of state law over which the court should decline to exercise its supplemental jurisdiction.

The court does not believe that the tort of intentional infliction of emotional distress is sufficiently novel or complex to warrant refusing jurisdiction. The New Hampshire Supreme Court explicitly has recognized intentional infliction of emotional distress, and has defined its elements. See Morancy v. Morancy, 134 N.H. 493, 495-96, 593 A.2d 1158, 1159-60 (1991) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)). This court also has previously dealt with claims of intentional infliction of emotional distress. See, e.g., Godfrey v. Perkin-Elmer Corp., 794 F. Supp. 1179, 1187-89 (D.N.H. 1992); Orono Karate, Inc. v. Fred Villari Studio of Self Defense, Inc., 776 F. Supp. 47, 50 (D.N.H. 1991).

In the alternative, Sullivan argues that the court should dismiss Trudell's intentional infliction of emotional distress claim under Rule 12(b)(6). According to Sullivan, Trudell's complaint does not allege sufficiently "outrageous" conduct, or emotional distress severe enough to support a claim for intentional infliction of emotional distress.

The New Hampshire Supreme Court, relying on the RESTATEMENT (SECOND) OF TORTS has set forth the elements of intentional infliction of emotional distress as follows:

> "One who by extreme and outrageous conduct intentionally or recklessly causes severe

7

> emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Morancy, supra, 134 N.H. at 496, 593 A.2d at 1159 (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)).

To survive the instant motion to dismiss, plaintiff need not establish the likelihood of success on the merits, but only that she is entitled to offer evidence to support her claim. See Godfrey, supra, 794 F. Supp. at 1188 (citing Scheuer supra, 416 U.S. at 236). "In that regard, she must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery' under the theory of intentional infliction of emotional distress. . . ." Id. (quoting Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991)).

New Hampshire has adopted the RESTATEMENT's definition of outrageous conduct. See Jarvis v. Prudential Ins., 122 N.H. 648, 652, 448 A.2d 407, 409 (1982) (citing RESTATEMENT with approval). The RESTATEMENT provides that conduct is outrageous when "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" RESTATEMENT, supra, § 46, comment d. When determining whether conduct is "outrageous," the context is relevant. Thus,

8

> though the social context may make some
> questionable conduct tolerable, the same social
> context may make other acts especially outrageous.
> Sexual harassment on the job is undoubtedly an
> intentional infliction of emotional distress, for
> example, and harassment is probably more readily
> found in the acts of a supervisor than in the acts
> of acquaintances at a dinner party.

PROSSER AND KEETON ON THE LAW OF TORTS § 12 (5th ed. Supp. 1988).
Based upon Trudell's allegation that Sullivan continually made
offensive sexual statements and unconsented physical contact, the
court finds that the conduct alleged is sufficiently outrageous
to support a claim for intentional infliction of emotional
distress.

New Hampshire also has adopted the RESTATEMENT's definition of
severe emotional distress. "Complete emotional tranquillity is
seldom attainable in this world, and some degree of transient and
trivial emotional distress is a part of the price of living among
people. The law intervenes only where the distress inflicted is
so severe that no reasonable man could be expected to endure it."
Morancy, supra, 134 N.H. at 496, 593 A.2d at 1159 (citing
RESTATEMENT supra, § 46, comment j). At this juncture, the court
is satisfied that Trudell's allegation that she suffered
emotional anguish with physical manifestations is sufficient to
survive Sullivan's motion to dismiss.

## Conclusion

For the abovementioned reasons, Spaulding's motion to dismiss the state law claims (document no. 7) is granted, thereby dismissing Counts II, III, IV, VI, and VIII against defendant Spaulding. Sullivan's motion to dismiss (document no. 9) is granted in part and denied in part. Count VII against Sullivan is dismissed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 12, 1998

cc:    Leslie H. Johnson, Esq.
       Lawrence M. Edelman, Esq.
       Daniel P. Schwarz, Esq.