Page v. Development Services        CV-97-622-JD  05/07/98

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Catherine Page, et al.

        v.                              Civil No. 97-622-JD

Developmental Services of
Strafford County, et al.


                        O R D E R


    The plaintiffs, Catherine Page and Estelle Thibodeau, have

filed this employment discrimination action against the

defendants, Developmental Services of Strafford County, Inc.

("DSSC"), their former employer, and Raymond Blodgett, their

former supervisor.  The case was originally filed in the Superior

Court for Stafford County, New Hampshire, but, pursuant to 28

U.S.C. §§ 1441 and 1446, DSSC removed the case to this court.

Before the court is DSSC's motion for judgment on the pleadings

against it in counts II, III, V, VII, and VIII (document no. 9).[1]


                      Background[2]

    The plaintiffs allege that they were actually or

constructively terminated from their employment at DSSC both

_____

    [1]Defendant Blodgett has not joined DSSC's motion for
judgment on the pleadings.

    [2]The facts relied on by the court in the resolution of the
instant motion are not in dispute.

because of a hostile work environment based on sexual harassment and in retaliation for reporting incidents of sexual harassment by defendant Blodgett during the course of their employment. The plaintiffs presented their sexual harassment claims to the Equal Employment Opportunity Commission ("EEOC") and obtained a right to sue notice.

The plaintiffs' complaint alleges the following claims: violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, (count I); common law wrongful termination (count II); breach of the covenant of good faith and fair dealing (count III); violation of personnel policies (count IV); violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, (count V); violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, (count VI); intentional infliction of emotional distress (count VII); and negligent infliction of emotional distress (count VIII). DSSC has moved for judgment on the pleadings on the claims against it in counts II, III, V, VII, and VIII.

## Discussion

A motion for judgment on the pleadings will be granted if, accepting all of the plaintiffs' factual averments contained in the complaint as true, and drawing every reasonable inference

2

helpful to the plaintiffs' cause, "it appears beyond doubt that [they] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); see Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 182 (7th Cir. 1986) (standard for evaluating Rule 12(c) motion is essentially the same as standard for evaluating motion under Rule 12(b)(6)). The court's inquiry is a limited one, focusing not on "whether [plaintiffs] will ultimately prevail but whether [they are] entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

A.   Wrongful Termination and Breach of the Covenant of Good Faith and Fair Dealing

In count I, the plaintiffs allege that DSSC violated their rights under Title VII both by creating a hostile work environment and by retaliating against the plaintiffs for reporting the sexual harassment by Blodgett. In counts II and III, the plaintiffs allege claims against DSSC for wrongful termination and breach of the covenant of good faith and fair dealing, respectively, based on the alleged retaliation. DSSC urges that it is entitled to judgment on the pleadings on the

3

plaintiffs' claims in counts II and III because these common law claims have been replaced by statutory remedies.  The plaintiffs contend that neither Title VII nor New Hampshire Rev. Stat. Ann. ("RSA") § 354-A was intended to supplant the plaintiffs' common law claims.

The Supreme Court of New Hampshire has ruled that "a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action."  Wenners v. Great State Beverages, Inc., 140 N.H. 100, 103, 663 A.2d 623, 625 (1995); accord Miller v. CBC Cos., 908 F. Supp. 1054, 1066 (D.N.H. 1995).  The First Circuit, faced with the question of whether an available Title VII remedy for gender discrimination supplanted a New Hampshire common law wrongful discharge claim based on the same conduct, has held as follows:

> Under Wenners, the existence of [a Title VII] remedy precludes the [plaintiffs], in the circumstances of this case, from asserting a common law claim for wrongful discharge.

Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996).  The plaintiffs assert that the First Circuit's conclusion in Smith is "clearly inconsistent" with Wenners and invite the court to "revisit" the First Circuit's holding on that basis.  See Pls.' Mem. of Law in Supp. of Objection to DSSC's Mot. for J. on Pleadings ("Pls.' Mem.") at 4 n.1.  However, there is no

4

principled basis for the court not to apply controlling First Circuit precedent and therefore DSSC is entitled to judgment on the pleadings on the plaintiffs' wrongful termination claim. See also Foster v. Wal-Mart, Inc., Civil No. 94-571-JD, slip op. at 2-5 (D.N.H. Mar. 15, 1996) (dismissing wrongful discharge claim as supplanted by RSA § 354-A).

The plaintiffs' claim for breach of the covenant of good faith and fair dealing fares no better. The plaintiffs, pointing to Frechette v. Wal-Mart Stores, Inc., 925 F. Supp. 95, 99 (D.N.H. 1995), argue that they are entitled to bring the claim because they can satisfy the public policy element of the action. They base this argument on the following statement by the court:

> It follows that any claim of a terminated at-will employee based on a contract theory must still be brought under the rubric of wrongful termination and, as such, must satisfy the public policy component of that cause of action. Accordingly, the court holds that a separate contractual remedy is not available to an at-will employee who alleges that she was terminated in bad faith but cannot satisfy the public policy prong of the wrongful termination cause of action.

Id. Although the quoted language could be interpreted to provide some support for the plaintiffs' position, taken in context, it does not stand for the proposition they advocate. The fact that a plaintiff may not bring a claim for breach of the covenant of good faith and fair dealing without satisfying the public policy requirement does not mean that every plaintiff who is able to

5

satisfy the public policy requirement may bring such a claim.

Although Wenners and Howard v. Dorr Woolen Co., 120 N.H. 295, 414 A.2d 1273 (1980), upon which Wenners relied, dealt only with wrongful termination claims, the language in Wenners indicates that not only wrongful termination but also other common law remedies may be replaced by statutory causes of action. See 140 N.H. at 103, 663 A.2d at 625 ("[A] plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action . . .") (emphasis added). Here, as in Robinson v. Caronia Corp., the plaintiffs' "claims for wrongful discharge and good faith and fair dealing are indistinguishable." See Civil No. 92-306-B, slip op. at 6 (D.N.H. Jan. 4, 1996). The conduct alleged by the plaintiffs in count III is the same prohibited retaliation alleged in counts I and II. Under these circumstances, the same rule to be applied to the plaintiffs' wrongful termination claim must also be applied to their claim for breach of the covenant of good faith and fair dealing -- both common law actions are supplanted by statutory remedies. Accordingly, DSSC's motion for judgment on the pleadings in counts II and III is granted.

6

B.    Americans With Disabilities Act Claim

In count V, plaintiff Page alleges that DSSC discriminated against her on the basis of a disability in violation of the American with Disability Act ("ADA").  DSSC asserts that it is entitled to judgment on the pleadings in this count because Page failed to comply with the administrative filing requirements of 42 U.S.C. § 2000e-5, which have been held to be applicable to ADA cases.  See Moher v. Chemfab Corp., 959 F. Supp. 70, 71 (D.N.H. 1997).  Page's rebuttal to this allegation is twofold: first, by failing to state this particular defense in its pleading DSSC has waived the defense; and second, the charge that she filed with the Equal Employment Opportunity Commission ("EEOC") satisfies the administrative filing requirement by providing reasonable notice that Page intended to pursue an ADA claim.

The memoranda filed by the parties make it appear that Page included in her claim to the EEOC an assertion that she suffered post-traumatic stress disorder ("PTSD") but did not check off the box on the charge of discrimination form indicating that she was pursuing a claim for disability discrimination.  See Pls.' Mem. at 8; DSSC's Reply Mem. in Supp. of Mot. for J. on the Pleadings at 4.  However, in this case the pleadings of the parties and supporting exhibits lack even the most cursory details about Page's ADA claim.  Assuming arguendo that DSSC did preserve its

7

right to raise lack of compliance with the administrative filing requirement as an affirmative defense, the parties have failed to provide appropriate supporting documentation necessary for the court to adjudicate the merits of the argument. Most notably absent from the filings are copies of the plaintiff's charge of discrimination form and the EEOC's right to sue letter. Without this information, at a minimum, the court cannot ascertain in the context of this motion for judgment on the pleadings that Page can prove no set of facts in support of her claim which would entitle her to relief. Therefore, DSSC's motion for judgment on the pleadings in count V is denied.

C.    Intentional and Negligent Infliction of Emotional Distress

DSSC has also moved for judgment on the pleadings on the plaintiffs' claims against it for intentional infliction of emotional distress and negligent infliction of emotional distress in counts VII and VIII, respectively. The plaintiffs have assented to dismissal of these counts as to DSSC but assert that the counts against Blodgett should not be dismissed. Blodgett has not joined in DSSC's motion. The court grants DSSC's motion for judgment on the pleadings in counts VII and VIII.

<u>Conclusion</u>

For the reasons stated above, DSSC's motion for judgment on the pleadings (document no. 9) is granted as to counts II, III, VII, and VIII and denied as to count V.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 7, 1998

cc:  Benjamin T. King, Esquire
     Mark T. Broth, Esquire
     Warren C. Nighswander, Esquire
     Debra Weiss Ford, Esquire

9