Weeden v. Sears, Roebuck  & Co.      CV-98-435-JD  05/25/99

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Ronald W. Weeden

     v.                           Civil No. 98-435-JD

Sears, Roebuck & Co.


                          O R D E R


     The plaintiff, Ronald Weeden, brought this case against the

defendant, Sears Roebuck & Company, asserting claims under the

Family Medical Leave Act, 29 U.S.C.A. §§ 2601-2654, and state

law.  Before the court is the defendant's motion for judgment on

the pleadings on the plaintiff's claims asserting intentional

infliction of emotional distress, negligent infliction of

emotional distress, wrongful termination, and enhanced damages

(counts II, III, IV, and V) (document no. 7).



                          Background

     The plaintiff was employed by Sears Roebuck in various

positions in its Newington, Salem, and Manchester, New Hampshire,

stores from 1990 through 1996.  In 1996, the plaintiff was

promoted to the position of automotive manager in the defendant's

South Portland, Maine, store.  The plaintiff held this position

from April 26, 1996, through May 22, 1997.  During this period of

time the plaintiff received consistently favorable evaluations.

In late April or early May 1997, the plaintiff began to experience severe anxiety. He suffered episodes of uncontrollable shaking and found concentrating difficult. He also suffered from insomnia and an inability to eat which resulted in his losing thirty pounds. The district manager, Michael Ryan, refused his request to take accumulated vacation and personal time. At a meeting in early May, Ryan observed the plaintiff's repeated episodes of uncontrolled shaking and his inability to distinguish between numbers on pages before him. Ryan's cognizance of the plaintiff's questionable health was acknowledged by his inquiries into the plaintiff's well-being.

On May 12, 1997, the plaintiff called the defendant's human resources department and explained he felt as though he were having some kind of a breakdown. He requested to speak to a doctor or therapist immediately. The human resources representative arranged an appointment with Roberta Hirshon, L.C.S.W., who recommended that he see a physician for medication for his anxiety.

On May 14, 1997, the plaintiff saw a physician who diagnosed him as suffering from an "acute situational anxiety-depressive reaction." On the same day the plaintiff called his work and explained that he was not well and would not be at work for the next two or three days. On May 19, 1997, the plaintiff again saw

2

his physician.  The physician provided a note stating that the plaintiff suffered from acute situational anxiety-depressive reaction and would not be able to work until further notice.  The plaintiff then called the store manager for the South Portland store, Dick Grimes.  He explained to Grimes that his physician had diagnosed him with acute anxiety-depressive reaction and that he would not return to work until further notice.  On May 21, 1997, the plaintiff telecopied the physician's note to Grimes at the South Portland Maine store.  On May 22, 1997, the defendant sent the plaintiff a notice indicating that he had been terminated for violation of the defendant's "no show/no call" policy.  On July 16, 1998, the plaintiff filed this action asserting that the defendant is liable for:  (1) violating the Family Medical Leave Act; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) enhanced damages; and (5) wrongful termination.

## Discussion

A.   Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay trial."  Fed. R. Civ. P. 12(c).  "In reviewing such a motion, the district court must

3

accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in [his] favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). "Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [him] claim which would entitle [him] to relief." Id.

B.   Intentional and Negligent Infliction of Emotional Distress

The defendant first argues that the exclusivity provision of the New Hampshire Workers' Compensation statute bars the plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress. "In New Hampshire an employee who is eligible to receive workers' compensation benefits is 'conclusively presumed . . . to have waived all rights of action whether at common law or by statute or otherwise:  Against [his or her] employer . . . .'" Leeman v. Boylan, 134 N.H. 230, 232 (1991) (quoting New Hampshire Revised Statutes Annotated § 281-A:8 ("RSA")).  An employer's "[i]mmunity from employee tort suits is concomitant with the borrowing employer's obligation to provide workers' compensation insurance coverage." Benoit v. Test Systems, Inc., 694 A.2d 992, 994 (N.H. 1997).

4

The New Hampshire Workers' Compensation Statute provides:

> "Injury" or "personal injury" as used in and covered by this chapter means accidental injury or death arising out of and in the course of employment, or any occupational disease or resulting death arising out of and in the course of employment, including disability due to radioactive properties or substances or exposure to ionizing radiation. "Injury" or "personal injury" shall not include diseases or death resulting from stress without physical manifestation.

RSA § 281-A:2(XI). Pursuant to this section, "[t]o be compensable under the Workers' Compensation Law, the petitioner's injury must have 'aris[en] out of and in the course of employment.'" Appeal of Griffin, 140 N.H. 650, 654 (1996). Claims asserting intentional or negligent infliction of emotional distress arising from the allegedly wrongful termination of an employee fall within the parameters of "injury" under RSA § 281-A:2(XI) and are barred by the exclusivity provision of RSA § 281-A:8. See Schrepfer v. Framatone Connecters USA, Inc., 98-89-JD (D.N.H. Jan. 7, 1999); Frechette v. Wal-Mart Stores, 925 F. Supp. 95, 99 (D.N.H. 1995); Kopf v. Chloride Power Electronics, Inc., 882 F. Supp. 1183, 1191 (D.N.H. 1995) (overruled on other grounds, Wenner Great State Beverages, Inc., 140 N.H. 100 (1996), (recognized by Smith v. F.W. Morse & Co., 76 F.3d 413, 429 n.11 (1st Cir. 1996)). Although New Hampshire superior courts may hold differing views, given the long standing jurisprudence of this court, the court finds contrary superior court holdings unpersuasive.

5

C.   Wrongful Discharge

The defendant next moves for judgment on the plaintiff's wrongful discharge claim asserting that it is precluded by a statutory remedy under the FMLA.  The common law remedy of wrongful discharge under New Hampshire law has two elements: "'one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn.'"  Wenners v. Great State Beverages, Inc., 140 N.H. 100, 103 (1995) (quoting Short v. School Admin. Unit 16, 136 N.H. 76, 84 (1992)).

The issue of statutory preclusion under New Hampshire law of a common law wrongful discharge claim was recently addressed in Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996).  In Smith, the plaintiff sought to pursue a common law wrongful discharge claim premised upon gender discrimination.  Squarely before the court was "the question of whether [a wrongful discharge] cause of action lies where, as here, the public policy at stake is codified in a statute that itself provides a private right of action to remedy transgressions."  76 F.3d at 428-29.  The statute at issue, Title VII, "not only codifie[d] the public

6

policy . . . but also create[d] a private right of action to remedy violations . . . and limn[ed] a mature procedure for pursuing such an action." Id. at 429. The Smith court concluded that "[u]nder Wenners, the existence of [a statutory] remedy precludes [the assertion of] a common law claim for wrongful discharge." Smith, 76 F.3d at 429 (1st Cir. 1996).

The FMLA provides "a series of substantive rights" including an entitlement of up to "twelve weeks of unpaid leave per year" for employees in certain circumstances, such as where an employee suffers a serious health condition rendering the employee unable to perform his employment functions. Hodgens v. General Dynamics Corp., 144 F.3d 151, 159 (1st Cir. 1998); see also, 29 U.S.C.A. § 2612(a) (West 1999). The FMLA also provides "protection in the event an employee is discriminated against for exercising those rights." Hodgens, 144 F.3d at 159; see also, 29 U.S.C.A. §§ 2615, 2616, 2617 (West 1999) (establishing prohibition against retaliation, investigative procedures, and private cause of action). This court has held that a wrongful discharge cause of action does not lie where the claim arises from an employer's retaliatory termination of an employee for exercising her rights under the FMLA.[1] See Phelan v. Town of Derry, 98-013-JD, slip

---

[1]The court notes that the complaint implies the termination was in retaliation for exercising rights under the FMLA and the

7

op. at 5-6 (D.N.H. Dec. 9, 1998); see also, Cooper v. Thompson Newspapers, Inc., 6 F. Supp. 2d 109, 115 (D.N.H. 1998) ("to state a claim for wrongful discharge, [the plaintiff] must allege that her employer terminated her because she performed an act public policy would encourage, and for which there is no statutory remedy"). To the extent that New Hampshire superior courts hold to the contrary, the court finds such holdings unpersuasive.[2]

D.    Enhanced Damages

The defendant seeks judgment on the plaintiff's claim for enhanced damages. The plaintiff objects to the defendant's motion only on the basis that the plaintiff's state law claims should not be dismissed. Because the court finds against the plaintiff on his state law claims, the court grants the

---

plaintiff contests other factual basis for the termination. See Plf's. Obj. at 11.

[2]The plaintiff contests the issue of preclusion and argues that under Wenners, a court must consider whether the legislature intended to supplant a common law remedy with a statutory remedy. In concluding that there was no such intent under section 525(b) of the Bankruptcy Code, the Wenners court found dispositive the fact that although a federal prohibition of employment termination existed, federal law provided no remedy for violations of the prohibition and no procedures for pursuing a violation. See 140 N.H. at 102, 103. In this case the factors considered by the Wenners court would indicate a clear intent to supplant. The FMLA not only provides a statutory prohibition, but it also provides a remedy and procedures for pursuing statutory violations.

defendant's motion for judgment on the plaintiff's enhanced damages claim as well.

## Conclusion

In light of the above discussion, the court grants the defendant's motion for judgment on the pleadings on counts II, III, IV, and V (document no. 7).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 25, 1999

cc:  Kimberly Kirkland, Esquire
     Eric G. Falkenham, Esquire